IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00416-WDM-KMT

RAYMOND STEVENS,

    Plaintiff,

v.

ARISTEDES ZAVARES, Executive Director, Colorado Department of Corrections, et al.,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

    This matter comes before me on Defendants' Motion to Dismiss (doc no 30), filed June 17, 2008. Plaintiff opposes the motion. Defendants did not file a reply brief, and so I consider the case submitted upon the motion and response brief. Upon review of the parties' filings, I conclude oral argument is not required. For the reasons that follow, the motion to dismiss will be denied.

### Background

    Plaintiff was sentenced on December 10, 1998 to nine years in the Department of Corrections ("DOC") plus a period of parole. At his sentencing, Plaintiff was awarded 258 days of presentence confinement credit. He alleges that his initial release date properly reflected the 258 days of presentence confinement credit, indicating a release date of July 28, 2006. However, he contends that after he joined a class action lawsuit against the DOC and refused to take a settlement offer, Defendant Sharon Sweetland

altered Plaintiff's release date by removing the credit.  As a result, his release date was extended from July 28, 2006 to April 16, 2007.  Plaintiff filed a grievance in August, 2006 and wrote letters, both *pro se* and through counsel, to Defendants Joe Ortiz and Mary Carlson regarding the deprivation of his presentence confinement credit.  He also sought relief by filing habeas petitions in state and federal court naming Defendant Larry Reid as respondent.  Plaintiff's efforts at securing his release were unsuccessful; as a result, his parole completion date has also been extended by 258 days.  Plaintiff also alleges that he suffered from an aggravation of a severe medical condition and was denied timely treatment.

### Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

### Discussion

Defendants assert several grounds for dismissal of the Third Amended Complaint, which now governs this action.  I will address each argument in turn.

1. Lack of personal participation

Defendants first argue that Plaintiff has not alleged specific facts showing how Defendants Zavaras, Ortiz, Reid, and Carlson personally participated in the alleged unconstitutional conduct and therefore cannot be liable in their individual capacity.

*Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-53 (10th Cir. 2006) (to establish supervisory liability, a plaintiff must establish a "deliberate, intentional act" by a supervisor such that there is a "sufficient causal connection" between the supervisor and the constitutional violation; a plaintiff must show active participation or acquiescence through personal participation, exercise of control or direction, failure to supervise, or tacit authorization of the offending acts.). In the alternative, Defendants argue that the allegations are insufficient to give notice of the claims against each individual and the grounds to support the claims.

Given the requirement that I construe the allegations in the light most favorable to Plaintiff, I conclude that Plaintiff has adequately stated a claim for liability against these defendants. As an initial matter, it appears that the claim against Zavares is for injunctive relief only and is apparently asserted against him in his official capacity. As for Defendant Ortiz, it is alleged that he was executive director of DOC and was notified of the alleged alteration of Plaintiff's release date but failed to intervene to correct the error. Similarly, Plaintiff alleges that Defendant Reid, as warden with responsibility for release of prisoners, was alerted to the unconstitutional conduct by being named as a respondent in Plaintiff's habeas petition. Finally, the same allegations are asserted against Defendant Carlson, who was supervisor of the time computation department and who received notice of the error but also failed to act. Given that "tacit authorization" of an offending act can be a basis for supervisory liability under *Serna,* I conclude that Plaintiff has adequately stated a claim against these defendants.

2. <u>Claim for Injunctive Relief</u>

Defendants further argue that Plaintiff cannot seek injunctive relief because he is

asserting a claim for retroactive adjustment of his sentence, which is only properly asserted in a habeas action, not a § 1983 case. *See Heck v. Humphrey,* 512 U.S. 477 (1994). I will deny this portion of the motion without prejudice. Plaintiff appears to seek prospective relief in the form of an order directing Defendants to adjust his parole termination date, which is apparently in the future, to reflect the time credited for presentence incarceration. I cannot determine from the pleadings and authority provided by the parties whether Plaintiff's relief is barred.

It is well established that a section 1983 claim will not lie when a state prisoner challenges "the fact or duration of his confinement;" rather, a petition for a writ of habeas corpus is the appropriate mechanism. *Preiser v. Rodriguez*, 11 U.S. 475, 489 (1973). Here, however, it is unclear to me whether *Preiser* is applicable. Plaintiff has apparently already been released and neither party has pointed me to any authority indicating that a claimant seeking earlier termination of his parole is challenging the fact or duration of his confinement; my own research also has not provided a definitive answer on this issue. Rather, both the Tenth Circuit and the United States Supreme Court appear to consider parole to be distinct from "confinement." *See, e.g., Young v. Harper*, 520 U.S. 143, 147-48 (1997) (a parolee has a liberty interest in remaining on parole because life as a parolee "is very different from that of confinement in a prison."); *Boutwell v. Keating*, 399 F.3d 1203 (10th Cir. 2005) ("release on parole . . . creates a liberty interest because it releases a prisoner from incarceration and because such release does more than 'simply alter the degree of confinement.'") (citations omitted). Moreover, I note Plaintiff does not seek to invalidate the sentence imposed by the trial court but rather to have it properly calculated pursuant to the court's judgment.

Finally, Defendants argue that the Eleventh Amendment bars Plaintiff's request for "retroactive injunctive relief." As I have discussed above, it is not clear to me that Plaintiff seeks retroactive relief. Accordingly, I will deny this portion of the motion without prejudice.

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss (doc no 30) is denied.

DATED at Denver, Colorado, on January 27, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge